NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
SKYLER F. CHO (Cal. Bar No. 285299)
Assistant United States Attorney
International Narcotics, Money
Laundering, & Racketeering Section
     1400 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2475
     Facsimile: (213) 894-0141
     E-mail:    skyler.cho@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 18-00281-AB-1 |
| Plaintiff, | GOVERNMENT'S SENTENCING POSITION FOR DEFENDANT DERRICK DECSHON CLARK |
| v. | |
| DERRICK DECSHON CLARK, | Hearing Date: 06/21/2019<br>Hearing Time: 1:30 p.m.<br>Location:   Courtroom of the Hon. André Birotte Jr. |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Skyler F. Cho, hereby files its sentencing position relating to defendant DERRICK DECSHON CLARK ("defendant").

The government's position regarding sentencing is based upon the attached memorandum of points and authorities, the files and records in this case, the plea agreement, and any other evidence or argument

that the Court may wish to consider at the time of sentencing. The government respectfully requests the opportunity to supplement its position or respond to defendant as may become necessary.

Dated: June 6, 2019          Respectfully submitted,

NICOLA T. HANNA
United States Attorney

BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division


*/s/ Skyler F. Cho*
SKYLER F. CHO
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Defendant Derrick Decshon Clark ("defendant") conspired with his co-defendants to purchase merchandise from retail stores with counterfeit $100 bills and return merchandise to obtain refunds in genuine currency.  Defendant manufactured and produced at least some of the counterfeit $100 bills that were used to make purchases in furtherance of the conspiracy.  Based on this conduct, defendant has pleaded guilty to Count Three of the indictment in this matter, which charged defendant with passing and uttering counterfeit obligations of the United States with intent to defraud.[1]

The United States Probation Office (the "Probation Office") has filed a Presentence Investigation Report ("PSR") in this matter, finding that: (1) defendant's base offense level is nine; (2) defendant is subject to a one-level enhancement because the face value of the counterfeit items exceeded $2,500; and (3) defendant's offense level is to be raised to 15 because defendant manufactured and produced at least some of the counterfeit $100 bills.  (PSR ¶¶ 31-33.)  The Probation Office adjusted the offense level two levels downward based on defendant's acceptance of responsibility.  (Id. ¶ 39.)  Accordingly, the Probation Office calculated defendant's total offense level to be 13.  (Id. ¶ 40.)  The Probation Office also calculated defendant's criminal history score to be 10, placing defendant in criminal history category V.  (Id. ¶ 55.)  The Probation Office determined that the total offense level and defendant's criminal history results in a United States Sentencing Guidelines

---

[1] At the time of sentencing, the government intends to move to dismiss the remaining counts of the indictment.

("Guidelines") range of 30 to 37 months' imprisonment.  (Id. ¶ 105.) The Probation Office determined that the applicable amount of restitution payable pursuant to 18 U.S.C. § 3663A is $2,000.  (See id. ¶ 115.)

 For the reasons set forth below, the government concurs with the Probation Office's calculation of defendant's criminal history category of V, and a total offense level of 13, yielding a Guidelines range of 30 to 37 months' imprisonment.  The government recommends that the Court sentence defendant to a term of imprisonment of 30 months, a three-year period of supervised release, a special assessment of $100, and restitution in the amount of $2,000.

**II.   STATEMENT OF FACTS**

 Defendant conspired with his co-defendants to purchase merchandise from retail stores with counterfeit $100 bills and return merchandise to obtain refunds in genuine currency.  Defendant manufactured and produced at least some of the counterfeit $100 bills that were used to make purchases in furtherance of the conspiracy. As part of the conspiracy, defendant passed and uttered nine counterfeit $100 bills at a Guitar Center store in Los Angeles, California, to purchase a DJ turntable.  As a result of his conduct, defendant was charged with multiple crimes and pleaded guilty to passing and uttering counterfeit obligations of the United States with intent to defraud.

//
//
//
//
//

**III. THE PRESENTENCE INVESTIGATION REPORT**

The Probation Office calculated defendant's offense level to be 13. (Id. ¶ 40.) Specifically, the PSR applied the following Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level | 9 | USSG § 2B5.1(a) |
| Face Value of Counterfeit Items Exceeded $2,500 | +1 | USSG § 2B5.1(b)(1)(A) |
| Defendant Manufactured or Produced Counterfeit Obligation of the United States | +5 | U.S.S.G. §§ 2B5.1(b)(2)(A), (b)(3) |
| Acceptance of Responsibility | -2 | USSG § 3E1.1(a) |
| Total Offense Level | 13 | |

(Id. ¶¶ 31-41.) The Probation Office calculated defendant's criminal history category to be V, based on 10 criminal history points. (Id. ¶ 55.) The Probation Office determined that the total offense level and defendant's criminal history results in a Guidelines range of 30 to 37 months' imprisonment. (Id. ¶ 105.) The Probation Office recommended that defendant be sentenced to 30 months' imprisonment and a three-year period of supervised release. (See ECF No. 173 at 2.) The Probation Office determined that the applicable amount of restitution payable pursuant to 18 U.S.C. § 3663A is $2,000. (See PSR ¶ 115.)

The government concurs with the Probation Office's calculation of defendant's criminal history category of V, and a total offense level of 13, yielding a Guidelines range of 30 to 37 months' imprisonment. The government also concurs with Probation Office that

//

3

the applicable amount of restitution payable pursuant to 18 U.S.C. § 3663A is $2,000.

The government also concurs with the Probation Office's recommendation that the Court impose a sentence of 30 months' imprisonment, a three-year period of supervised release, a $100 special assessment, and payment of restitution in the amount of $2,000.

The government defers to the USPO with respect to its determination regarding defendant's ability to pay a fine.

**IV. THE GOVERNMENT'S SENTENCING RECOMMENDATION**

Based on the foregoing, the government recommends that the Court impose a term of imprisonment of 30 months, a three-year term of supervised release, a special assessment of $100, and restitution in the amount of $2,000. This sentence is sufficient, but not greater than necessary, to meet the sentencing goals set forth in 18 U.S.C. § 3553(a).

A.   <u>18 U.S.C. § 3553(a)(1)</u>

Under 18 U.S.C. § 3553(a)(1), the Court must consider "the nature and circumstances of the offense and the history and characteristics of the defendant" in imposing a sentence.

As to the nature and circumstances of the offense, the sentence recommended by the government reflects the seriousness of defendant's crime. Defendant manufactured and produced counterfeit $100 bills and conspired with his co-defendants to purchase merchandise from retail stores with counterfeit $100 bills and return merchandise to obtain refunds in genuine currency.

The sentence recommended by the government also reflects defendant's history and characteristics. The government's

recommended sentence takes into account mitigating circumstances, including the likelihood that defendant's youth contributed to his conduct in this case.

### B. 18 U.S.C. § 3553(a)(2)

Under 18 U.S.C. § 3553(a)(2), the Court must consider "the need for the sentence imposed: (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner."

The sentence recommended by the government provides just punishment, that is sufficient and not greater than necessary, and affords adequate deterrence to future criminal conduct by defendant.

### C. 18 U.S.C. § 3553(a)(3)-(7)

Under 18 U.S.C. § 3553(a)(3)-(7), the Court must consider "the kinds of sentences available," "the kinds of sentence and the sentencing range established," "any pertinent policy statement," "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," and "the need to provide restitution to any victims of the offense." One way to avoid unwarranted disparities is to impose a Guidelines sentence. See United States v. Treadwell, 593 F.3d 990, 1013 (9th Cir. 2010) ("[The district court] correctly calculated and adhered to the appropriate Guidelines range, which in itself serves the purpose of avoiding sentencing disparities.")  In sum, all of the statutory objectives in 18 U.S.C. § 3553(a) are served by the government's

5

recommended sentence of 30 months' imprisonment, at the low-end of the Guidelines, a three-year period of supervised release, a $100 special assessment, and restitution in the amount of $2,000.

**V.    CONCLUSION**

Based on the foregoing, the government recommends that the Court sentence defendant to a term of imprisonment of 30 months, a three-year period of supervised release, a special assessment of $100, and payment of restitution in the amount of $2,000.